The State of Ohio, Appellee, *v.* Kuno, Appellant.

[Cite as State v. Kuno (1976), 46 Ohio St. 2d 203.]

(No. 75-751—Decided May 12, 1976.)

204

Mr. *Emmor F. Snyder*, for appellee.

Messrs. *Mueller, Musitano & Haney* and Mr. *Thomas S. Haney*, for appellant.

*Per Curiam.* Appellant's initial contention in this court is that the highway patrol does not have the authority to enforce the general criminal laws under the facts of this case. This argument relates primarily to the disorderly conduct charge.

R. C. 5503.02 states, in part:

"* * * The Superintendent [of the State Highway

Patrol] or any patrolman *may enforce the criminal laws on all state properties and state institutions, owned or leased by the state,* and, when so ordered by the Governor in the event of riot or insurrection, may, pursuant to Sections 2935.03 to 2935.05 of the Revised Code, arrest offenders against the criminal laws wherever they may be found within the state where the violations occurred upon, or resulted in injury to persons or property on, state properties or institutions * * *.'' (Emphasis added.)

Appellant emphasizes the latter part of this statute, urging that there was no riot or insurrection, nor any order of the Governor. This position ignores the fact that the violations occurred on state property (Interstate 80), and that the appellant was apprehended on the same state property. The patrolman was clearly within the terms of the first part of the language of R. C. 5503.02 quoted above. No order of the Governor was needed to allow arrest in this case.

Appellant next challenges the constitutionality of R. C. 2917.11, for the reason that it is not confined to fighting words. This contention is not properly before this court, as the proposition was not raised in the courts below. *State. v. Abrams* (1974), 39 Ohio St. 2d 53, 313 N. E. 2d 823.

Finally, appellant contends that the overweight charge did not conform to the statutory requirements.

At the outset, it is claimed that the patrolman did not have "reason to believe that the weight of [the] vehicle and its load * * * [was] unlawful." R. C. 4513.33. When the patrolman apprehended appellant, he had information from the dispatcher (which he clearly has a right to rely upon), that appellant had bypassed the weigh station. That, in itself, would have been a misdemeanor, had it actually occurred. R. C. 4511.12; see, also, R. C. 4511.09, 4511.10, 4511.11, and Ohio Manual of Uniform Traffic Control Devices for Streets and Highways, R-103, at page 60 (rev. 1969).

This court is of the opinion that the information given to the patrolman by the dispatcher, even though erroneous,

was sufficient to give the patrolman, reason to believe that appellant's vehicle was overweight.

Next, appellant contends that the distance between axles was not measured. *State* v. *Gribble* (1970), 24 Ohio St. 2d 85, 263 N. E. 2d 904. The record discloses, however, that evidence was adduced at trial that the axle distance was about 50 inches. It should also be noted that it was appellant's own act in fleeing from the weigh station that prevented a more precise measurement.

Appellant also contends that there was not "proof that the scale used in weighing the vehicle bore the type of official seal customarily employed by municipal, county or state sealers in the performance of their duties."

A perusal of the record shows that there was sufficient evidence given by the scale operators to find that the scale did have the required seal.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE. W. BROWN and P. BROWN, JJ., concur.