**VILLAGE OF KIRTLAND HILLS, Appellee,**

v.

**McGRATH, Appellant.**

[Cite as *Kirtland Hills v. McGrath* (1993), 89 Ohio App.3d 282.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–126.

Decided Aug. 16, 1993.

*James M. Speros,* for appellee.

*Phillip Kurtz,* for appellant.

Joseph E. Mahoney, Judge.

This is an accelerated calendar case submitted on the briefs.

Defendant-appellant, Patrick J. McGrath, appeals his convictions of speeding, driving under the influence of alcohol, and driving with a prohibited blood-alcohol level.

On May 6, 1992 at approximately 2:30 a.m., appellant was driving his automobile eastbound on State Route 84 from Mentor into Kirtland Hills. Appellant drove through a traffic light at the intersection of Route 84 and Little Mountain Road and entered Kirtland Hills. At that time, appellant was pulled over by Kirtland Hills Police Officer Ken Mescall. Officer Mescall was sitting in his patrol car behind a gas station on the north side of Route 84 in the city of Mentor and activated his radar unit on appellant's automobile as it passed through the intersection. The radar indicated appellant was traveling forty-six miles per hour. Subsequently, Officer Mescall cited appellant under ordinances of the village of Kirtland Hills for speeding at forty-six miles per hour in a thirty-five-miles-per-hour zone, driving under the influence of alcohol, and driving with a prohibited blood-alcohol level.

At his arraignment on May 13, 1992, appellant pled not guilty to the charges. On August 7, 1992, appellant's case was tried to the court. Appellant did not file a pretrial motion to suppress. At trial, appellant opened with an oral motion to dismiss and suppress. No objections were made to such oral motion by appellee, and the trial court overruled such motion without asking appellee to respond. In his motion to acquit, appellant renewed the same arguments raised in his motion to dismiss, and he renewed the arguments again at the conclusion of all the evidence. The court overruled such motions, immediately found appellant guilty on all charges, and sentenced appellant accordingly.

Appellant has filed a timely appeal and presents four assignments of error.

■ Under the first and third assignments of error, appellant contends that the trial court erred in failing to take judicial notice of R.C. 4511.21 and in denying his motion for acquittal of the speeding charge.

Appellant's arguments are well taken.

Officer Mescall testified that he observed appellant traveling at a high rate of speed, and his radar unit indicated appellant was traveling forty-six miles per hour in a thirty-five-miles-per-hour posted zone. Thus, Officer Mescall stopped appellant to issue a speeding citation. The subsequent investigation which followed the stop resulted in the DUI arrest. Officer Mescall believed that the speed limit was thirty-five miles per hour based on the posted sign at both ends of the village. Officer Mescall did not testify that the posted sign was in the village.

Appellant questioned the lawfulness of the thirty-five-miles-per-hour speed limit, arguing that there was no speed limit posted on State Route 84 in Kirtland Hills and, therefore, R.C. 4511.21 would determine the lawful speed limit. Appellant contended the speed limit sign was posted in Mentor and not in Kirtland Hills. Jane Fitch, secretary for appellant's counsel, testified that she

drove down State Route 84 through Kirtland Hills, at counsel's request, to see if there was a speed limit sign posted. Fitch testified that there was no speed limit posting on the part of State Route 84 running through Kirtland Hills. She stated that the thirty-five-miles-per-hour speed limit sign was posted one-tenth of a mile before the intersection of State Route 615 and Little Mountain Road in Mentor.

Fitch's testimony, coupled with the fact that Officer Mescall did not clearly testify that the speed limit posting was actually in Kirtland Hills, raised reasonable doubt as to the prima facie lawful speed on that part of State Route 84.

R.C. 4511.21 provides in relevant part:

"(A) No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle * * * in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"(B) It is prima-facie lawful, in the absence of a lower limit declared pursuant to this section by the director of transportation or local authorities, for the operator of a motor vehicle * * * to operate the same at a speed not exceeding the following:

"* * *

"(6) Fifty miles per hour on state routes within municipal corporations outside urban districts unless a lower prima-facie speed is established as further provided in this section[.]"

R.C. 4511.01(PP) defines an "urban district" as:

" 'Urban district' means the territory contiguous to and including any street or highway which is built up with structures devoted to business, industry, or dwelling houses situated at intervals of less than one hundred feet for a distance of a quarter of a mile or more, and the character of such territory is indicated by official traffic control devices."

R.C. 4511.21 and the meaning of "urban district" were construed by the court in *Gahanna v. Amburgey* (1962), 116 Ohio App. 105, 21 O.O.2d 396, 187 N.E.2d 396. In *Gahanna,* the court held that an urban district includes frontage on both sides of the street or highway and, where one side of the highway is not "built up" with structures at intervals of less than one hundred feet for a distance of a quarter of a mile, as required by R.C. 4511.01(PP), the area is not an urban district and the prima facie lawful speed limit is fifty miles per hour as set forth in R.C. 4511.21.

The officer testified that the south side of the relevant portion of State Route 84 in Kirtland Hills does not have any structures on it and is vacant land. Based

on R.C. 4511.21(B)(6), the lawful speed for that area outside an urban district is fifty miles per hour. The trial court is required to take judicial notice of R.C. 4511.21(B)(6). See Crim.R. 27.

■ Appellee argues that even if thirty-five miles per hour is not the lawful speed, appellant's speed was unreasonable for the conditions and, therefore, the conviction was proper. Appellee's argument is not persuasive.

Officer Mescall testified that he observed appellant driving at a high rate of speed and his radar unit indicated appellant was traveling forty-six miles per hour in a thirty-five-miles-per-hour zone. Officer Mescall pulled appellant over and subsequently issued a citation for speeding. The citation indicates the offense of "speed" and states "Unreasonable for conditions (46 MPH in a 35 MPH zone)." The description of the offense states, "Speed 46/35 zone." The citation further indicates that the pavement was "dry," visibility was "night," traffic was "crossing" and "light," and road surface was "paved." At trial, the officer testified that there was street lighting and that there were deer in the area. Thus, he felt that speed was unreasonable. Upon cross-examination, Officer Mescall stated,

" * * * I did not observe any deer in the area, but that doesn't mean there's not any deer in the area. * * * there is a population of deer in the area that is very great, and there are times, especially in the evening and nighttime, that they bound out of the tree line * * * and you don't see them to [sic] the last moment."

There was no evidence of any posted warnings of a deer population or deer crossing in that area.

Officer Mescall also expressed concern about a blind intersection ahead at State Route 84 and Chillicothe Road. However, when appellant's counsel attempted to cross-examine about the location of such blind intersection, appellee objected and the court stated:

"THE COURT: Mr. Kurtz, you're talking about an intersection that was not involved with this stop. And for that reason, the location of the intersection is not going to bear on the relevance of these things.

"MR. KURTZ: I agree your Honor. That's exactly the issue.

"THE COURT: For that reason the objection is sustained."

Based on the foregoing, it is evident that the court felt the intersection Officer Mescall was concerned about was not part of the stop and was not relevant.

Based on the citation and the officer's testimony, it is evident that the officer stopped appellant because he was exceeding the "posted speed limit" of thirty-

five miles per hour and not because there were deer in the area or because of a "blind intersection" ahead.

Appellant sufficiently raised the issue and presented evidence that there was no posted speed limit on that part of State Route 84 in Kirtland Hills. In light of this evidence and the law as set forth in R.C. 4511.21 of which the trial court should have taken judicial notice, appellant raised a reasonable doubt as to the lawfulness of the speed limit. Therefore, we conclude that appellee failed to sustain its burden of proof beyond a reasonable doubt that appellant was violating the lawful speed limit.

The first and third assignments of error are sustained.

■ In the second and fourth assignments of error, appellant raises the issue of whether the evidence obtained as a result of the stop was admissible. Notwithstanding the fact that appellant failed to file a motion to suppress, based on the first assignment of error, there was no legal. basis to stop appellant because he was not violating the lawful speed limit. Therefore, everything that followed and all the evidence obtained as a result of the illegal stop were tainted as the "fruit of the poisonous tree" and were inadmissible. *Wong Sun v. United States* (1963), 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

The second and fourth assignments are sustained.

Accordingly, the trial court's judgment is reversed and judgment is entered for appellant.

Costs of this appeal are to be taxed against appellee.

*Judgment reversed.*

CACIOPPO, J., concurs.

CHRISTLEY, P.J., dissents in part.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.

CHRISTLEY, Presiding Judge, dissenting in part.

I respectfully dissent in part from the majority judgment and opinion as they relate to the second and fourth assignments of error on the basis of *State v. Kuno* (1976), 46 Ohio St.2d 203, 75 O.O.2d 239, 346 N.E.2d 768. In that case, the appellant claimed:

" * * * that the patrolman did not have 'reason to believe that the weight of [the] vehicle and its load * * * [was] unlawful.' R.C. 4513.33. When the patrolman apprehended appellant, he had information from the dispatcher [which he clearly has a right to rely upon], that appellant had bypassed the weigh

station. That, in itself, would have been a misdemeanor, *had it actually occurred.* * * *

"This court is of the opinion that the information given to the patrolman by the dispatcher, even though erroneous, was sufficient to give the patrolman *reason to believe* that appellant's vehicle was overweight." (Emphasis added.) *Id.* at 205–206, 75 O.O.2d at 240–241, 346 N.E.2d at 769–770.

I fail to see how the essential situation in *Kuno* is distinguishable from the instant case, where the patrolman clocked the appellant at speeds in excess of what he erroneously, but in good faith, believed was the speed limit for that portion of the road. Under those circumstances, I find that a "reasonable belief" existed for the patrolman to make the initial stop. *Wong Sun,* cited by the majority, refers to the probable cause needed to make an arrest, not an investigative stop.

I agree with the majority in its opinion on the first and third assignments that a judgment of acquittal on the speeding violation should have been granted. However, I find that such an acquittal would have no exclusionary effect on the evidence accumulated as a result of the erroneous but good faith stop on that charge.

I would, therefore, affirm the DUI conviction and enter judgment for the appellant on the speeding charge.