Randall Schwendeman appeals his conviction for violating R.C. 5577.04(B)(2), exceeding the commercial vehicle load limit, and assigns the following error:
 "IT WAS ERROR BY THE COURT, IN DENYING DEFENDANT'S MOTION TO SUPPRESS, TO RELY UPON THE TESTIMONY OF A WITNESS WHO WAS NOT A POLICE OFFICER TO FIND ARTICULABLE AND REASONABLE SUSPICION TO STOP AND WEIGH DEFENDANT-APPELLANT'S TRUCK WHERE THE POLICE OFFICER WHO MADE THE STOP TO WEIGH DEFENDANT'S TRUCK HAD MADE NO PRIOR OBSERVATION OF DEFENDANT'S TRUCK."
On March 13, 1998, Portable Load Limit Inspector Steve Daniels was working joint enforcement with State Highway Patrol Trooper Andy Lauer on United States Route Fifty in Athens County. He observed the vehicle driven by appellant and noticed that the tires were bulging and appeared flat. Daniels called Trooper Lauer on the radio and instructed him to pull appellant over. Daniels weighed appellant's truck on a portable scale and Trooper Lauer issued appellant a ticket for violating R.C.5577.04 (B)(2). After appellant's motion to suppress was overruled, he pled no contest and was found guilty.
In his only assignment of error, appellant asserts that the trial court erred in overruling his motion to suppress because Trooper Lauer did not personally have a reasonable articulable suspicion that the truck appellant was driving was over the legal load limit.
In a motion to suppress, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. See,e.g., State v. Mills (1992), 62 Ohio St.3d 357, 366, citingState v. Fanning (1982), 1 Ohio St.3d 19, 20; see, also, Statev. Williams (1993), 86 Ohio App.3d 37, 41. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.Ornelas v. United States (1996), 517 U.S. 690, 134 L.Ed.2d 911;State v. Klein (1991), 73 Ohio App.3d 486, 488;Williams; Guysinger, supra.
The Fourth and Fourteenth Amendments to the United States Constitution,[1] as well as Section 14, Article I of the Ohio Constitution,[2] protect individuals against unreasonable governmental searches and seizures. Delaware v. Prouse (1979),440 U.S. 648, 662, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660; Statev. Gullett (1992), 78 Ohio App.3d 138, 143. In Katz v.United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 514,19 L.Ed.2d 576, the Supreme Court held that "searches conducted outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." See, also, State v. Sneed (1992),63 Ohio St.3d 3, 6-7; State v. Braxton (1995), 102 Ohio App.3d 28,36. The investigative stop exception to theFourth Amendment warrant requirement allows a police officer to conduct a brief investigative stop if the officer possesses "reasonable suspicion." Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889. The reasonable suspicion must be based upon specific articulable facts, and rational inferences from those facts, warranting the belief that criminal behavior has occurred, is occurring or is imminent. Id.; United Statesv. Brigoni-Ponce (1978), 422 U.S. 873, 95 S.Ct. 2574,45 L.Ed.2d 607; State v. Andrews (1991), 57 Ohio St.3d 86; Statev. Venham (1994), 96 Ohio App.3d 649, 654. To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a person of reasonable caution in the belief that the person stopped has committed, is committing or is about to commit a crime. Whren v.United States (1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89;Prouse, supra; Terry, supra. The propriety of an investigative stop must be reviewed in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177.
R.C. 4513.33 which addresses stopping commercial vehicles for overload weight violations provides in part:
 "Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing * * *."
The "reason to believe" standard enunciated in the statute has been equated to the Terry "reasonable suspicion" standard. See State v. Myers (1990), 63 Ohio App.3d 765; Maumee v. Kelly
(Aug. 20, 1993), Lucas App. No. L-93-024, unreported.
Appellant focuses on the language of R.C. 4513.33 that requires a "police officer" to have reasonable suspicion to stop a vehicle and asserts that R.C. 4513.33 requires the police officer to personally have reasonable suspicion, not rely upon another's reasonable suspicion. He concludes that Trooper Lauer did not have reasonable suspicion to support a stop because he did not independently conclude that the vehicle was overweight, rather he acted upon the direction of Daniels, who is not a police officer. Thus, he concludes that the stop was in violation of R.C. 4513.33. We note that regardless of the language of R.C. 4513.33, under Terry and its progeny, a police officer needs reasonable suspicion to stop a vehicle. We, therefore, turn to the question of whether Trooper Lauer had the reasonable suspicion necessary to stop appellant's vehicle.
The Supreme Court of Ohio was faced with the very same question in State v. Kuno (1976), 46 Ohio St.2d 203. The patrolman in Kuno was informed by a police dispatcher that Kuno had bypassed a weigh station, a violation of R.C. 4511.12, and stopped Kuno. In fact, Kuno had stopped at the weigh station. On his first trip through the scale, he had been over the load limit. The attendant ordered him to go back around through for another measurement. On his second trip through, the truck appeared to be legal. The attendant at the weigh station then ordered Kuno to park his vehicle and come inside the station with his license and registration. Instead, Kuno drove back onto the highway. The court held that the information given to the patrolman by the dispatcher, even though erroneous, was sufficient to give the patrolman reason to believe the appellant's vehicle was overweight. Kuno, at 205-6.
We find that Trooper Lauer had reasonable suspicion to stop appellant. He was told by an experienced portable load limit inspector, who had personally observed appellant's truck and concluded that it was overweight, to pull appellant over. It is reasonable for Trooper Lauer to rely on Inspector Daniels observations given Daniels' job duties and experience. SeeState v. Black (Nov. 4, 1982), Knox App. No. 82-CA-09, unreported (police officer had reasonable suspicion to stop a vehicle because he was told by an experienced inspector for the Department of Transportation that the vehicle was a "possible overload" based upon his observation of the vehicle).
A police officer may rely on the collective knowledge of other police personnel. In the instances where a stop is predicated upon a radio report, the focus shifts to whether the person issuing the radio report had articulable facts supporting a reasonable suspicion that the person had committed, is committing or is about to commit a crime. Katz, Ohio Arrest, Search, and Seizure 257, T 14.03(A), citingUnited States v. Hensley (1985), 469 U.S. 221, 105 S.Ct. 675,83 L.Ed.2d 604. We find these principles both applicable and satisfied here.
Appellant strenuously argued to the trial court that Daniels' observations did not constitute reasonable suspicion because bulging tires alone cannot constitute reasonable suspicion that a truck is over the legal load limit, but has abandoned this argument on appeal. Thus, we will not address it. App.R. 12. We note that we addressed this argument in a prior case. SeeState v. Horsley (Jan. 25, 1999), Ross App. No. 98CA2423, unreported. Thus, Trooper Lauer had a "reasonable basis" to stop appellant.
Appellant also argues that Daniels improperly stopped him under R.C. 5503.34 which provides in part:
 "Uniformed employees of the commercial motor vehicle safety enforcement unit may stop commercial motor vehicles for the exclusive purpose of inspecting such vehicles to enforce compliance with orders and rules of the public utilities commission as required by division (F) of section 5502.01 of the Revised Code."
We reject this argument because R.C. 5503.34 is inapplicable; Daniels did not stop appellant, Trooper Lauer did.
Having rejected all of appellant's arguments, we overrule appellant's only assignment of error and affirm the judgment of the trial court.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. and Abele, J.:
Concur in Judgment and Opinion.
For the Court
 BY: ___________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.
[1] The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[2] Section 14, Article I of the Ohio Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.