OPINION
{¶ 1} Defendant-appellant, Sky Smith, appeals his conviction in the Madison County Municipal Court for speeding in violation of R.C. 4511.21.[1]
 {¶ 2} State Route 38 goes through Midway, a small town in Madison County, Ohio. On December 15, 2005, traveling northbound on State Route 38, appellant was leaving Midway and had passed the town's corporation limit sign when he was clocked driving at 48 m.p.h. by a state trooper. The trooper testified that the speed limit for the zone where appellant was clocked was 35 m.p.h. The record shows that the speed limit on State Route 38 heading southbound towards Midway is 55 m.p.h. As motorists approach Midway on southbound State Route 38, a "reduced speed ahead" sign warns them that the speed limit within Midway is 35 m.p.h. At the entrance of the town are two signs, a Midway corporation line sign and a 35 m.p.h. speed limit sign. By contrast, there is no speed limit sign for motorists traveling northbound on State Route 38 as they are leaving Midway. There is, however, a 55 m.p.h. speed limit sign a quarter of a mile north of the town.
 {¶ 3} During a bench trial, appellant argued that because the speed limit on southbound State Route 38 is 55 m.p.h. until you enter Midway, the speed limit on northbound State Route 38 is necessarily 55 m.p.h. as soon as you leave Midway. Appellant argued that to find otherwise would result in two different speed limits within the same zone, depending on whether you are traveling southbound or northbound on State Route 38. The state did not dispute that the speed limit on southbound State Route 38 was 55 m.p.h. until you entered Midway. The state argued, however, that the speed limit on northbound State Route 38, once you leave Midway, is set by speed limit signs. Since appellant had not yet reached the 55 m.p.h. speed limit sign when he was clocked going northbound on State Route 38, the speed limit had not yet changed from the previous speed zone of 35 m.p.h. within the Midway limits.
 {¶ 4} On January 10, 2006, the trial court found appellant guilty of speeding and ordered him to pay a $20 fine and $69 in court costs. The court found that "the speed limit remains the same until the sign officially changes the speed limit." This appeal follows.
 {¶ 5} In a single assignment of error, appellant argues that the trial court erred when it failed to take judicial notice that the speed limit on state highways is set by statute, namely R.C.4511.21(B), and not by road signage. Specifically, appellant contends that because he had left Midway, the speed limit was no longer 35 m.p.h. but 55 m.p.h. under R.C. 4511.21(B)(5).
 {¶ 6} R.C. 4511.21 governs speed limits and states in relevant part:
 {¶ 7} "(B) It is prima-facie lawful, in the absence of a lower limit declared pursuant to this section by the director of transportation or local authorities, for the operator of a motor vehicle * * * to operate the same at a speed not exceeding the following:
 {¶ 8} "(3) [35 m.p.h.] on all state routes or through highways within municipal corporations outside business districts, * * *
 {¶ 9} "(5) [55 m.p.h.] on highways outside of municipalcorporations * * *." (Emphasis added).
 {¶ 10} We find that the speed limit on streets and roadways in the state of Ohio is set by statute, and not by speed limitsignage. The trial court therefore erred by finding that "the speed limit remains the same until [a speed limit] sign officially changes the speed limit." R.C. 4511.21(B)(5) clearly provides that the speed limit on highways outside of municipal corporations is 55 m.p.h. Pursuant to Crim.R. 27, the trial court was required to take judicial notice of R.C. 4522.21(B)(5). SeeKirtland Hills v. McGrath (1993), 89 Ohio App.3d 282. As applied to the case at bar, it follows that while the speed limit within the Midway corporation limits is 35 m.p.h., as soon as a motorist leaves Midway, the speed limit changes from 35 m.p.h. to 55 m.p.h. Appellant was outside of Midway when he was clocked at 48 m.p.h. Because appellant was traveling 48 m.p.h. in a 55 m.p.h. zone, the trial court erred by finding him guilty of speeding. Appellant's assignment of error is sustained.
 {¶ 11} Accordingly, the trial court's judgment is reversed and judgment is entered for appellant.
Powell, P.J., and Walsh, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.