OPINION
{¶ 1} Appellant, Ohio Liquor Control Commission ("commission"), appeals from a decision of the Franklin County Court of Common Pleas reversing an order rendered by appellant on December 9, 2004 revoking a liquor permit held by appellee, Ralker's, Inc.
 {¶ 2} Ralker's, Inc. operates a bar known as Bartleby's located in Massillon, Ohio. Ronald Huffman, a regular patron of the establishment, died on the premises in February 2003 from what the coroner later determined to be acute ethanol poisoning. This led to a criminal investigation by the Massillon Police Department, which gathered information indicating that the death occurred after a multi-day drinking binge on the premises, including periods during which the bar was closed. The matter was eventually referred to the Stark County Prosecutor, who declined to file criminal charges.
 {¶ 3} Based in part upon the information generated during the police investigation, commission agents instigated their own investigation and eventually charged a total of ten violations by the permit holder, including sale of intoxicating liquor to a person already intoxicated, serving liquor on the premises after hours, unsanitary condition of the premises, and furnishing intoxicating liquor without charge to a customer.
 {¶ 4} The commission found violations in three of the charges, giving away intoxicating liquor without charge, excessive consumption, and serving liquor during mandated closing hours. No witnesses attended the commission hearing, and the commission's decision was based upon summaries of taped police interviews with witnesses, affidavits of an investigating police detective, and other affidavits. The investigating agent for the commission, Ray Robinson, stated at the hearing that he had not personally interviewed any of the witnesses or observed any of the alleged violations, but relied upon the investigative reports of police officers. The commission based upon the violations, imposed the penalty of revocation of appellee's permit.
 {¶ 5} Appellee then appealed under R.C. 119.12 to the Franklin County Court of Common Pleas, which reversed the commission's order. The court of common pleas found that, although there was sufficient evidence before the commission to substantiate the charged violations, the commission had not complied with various statutory and regulatory requirements regarding initiation of its own investigation. Specifically, the court of common pleas found that under R.C. 5502.14(D)(3) and Ohio Adm. Code 4301:1-1-61(A), (B), and (C), the commission can pursue a purported liquor violation only when a liquor enforcement agent on or near the permit premises has personally observed the violation, or where a local police agency has specifically requested a citation within 30 days of the alleged violation. The court found that the investigation had not been requested by Massillon police within 30 days of the purported violations. The Franklin County Court of Common Pleas accordingly found that the commission's order, while it was supported by reliable, probative, and substantial evidence of conduct constituting violations of liquor laws and regulations, was not in accordance with law and must be reversed.
 {¶ 6} The commission timely appeals and brings the following assignment of error:
The Franklin County Common Pleas Court erred and abused its discretion when it held that the Ohio Liquor Control Commission's Order was not in accordance with law when it found that the Department of Public Safety was without authority to cite a liquor permit holder.
 {¶ 7} Initially, we note that our standard of review in this matter is well-established. In an administrative appeal under R.C. 119.12, the court of common pleas reviews the commission's order to determine whether it is supported by reliable, probative, and substantial evidence and in accordance with law. In undertaking this review, the court of common pleas may consider the credibility of witnesses as well as the weight and probative character of the evidence. While the court of common pleas may, to a limited extent, substitute its judgment for that of the commission, the court must give due deference to the commission's administrative expertise in the resolution of evidentiary conflicts. Capone's Tavern v. Ohio Liquor ControlComm., Franklin App. No. 02AP-53, 2002-Ohio-4322.
 {¶ 8} On further appeal to this court, our standard of review is more limited. Our role is limited to a determination of whether the court of common pleas abused its discretion in finding that the commission's order was or was not supported by reliable, probative, and substantial evidence. Id. The term "abuse of discretion" implies that the decision is both without a reasonable basis in fact and law and clearly wrong. Angelkovskiv. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159. On pure questions of law raised in such an administrative appeal, however, our review is de novo. Univ. Hosp., Univ. ofCincinnati, College of Med. v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339.
 {¶ 9} The standard of reliable, probative, and substantial evidence has been described as follows: "(1) Reliable evidence is dependable, that is, it can be constantly trusted, and there must be a reasonable probability that the evidence is true; (2) probative evidence is evidence that tends to prove the issue in question, it must be relevant in determining the issues; (3) substantial evidence is evidence with some weight, it must have importance in value." Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571.
 {¶ 10} In the present case, the court of common pleas determined that there was such reliable, probative, and substantial evidence before the commission to support a finding of violations and imposition of permit revocation, and appellee has not filed a cross-appeal from that determination. The sole question before us, therefore, is whether the court of common pleas, after finding that sufficient evidence existed to support the claimed violations, erred in then concluding that the commission's investigation, issuance of citations, and subsequent revocation must be vacated because the commission did not act in accordance with Ohio statutes and its own regulations governing that process.
 {¶ 11} The court of common pleas in the present case held that the commission's order was not lawful because it did not comply with R.C. 5502.14(B)(3), and the commission's own regulation, Ohio Adm. Code 4301:1-1-61 ("Rule 61"). R.C. 5502.14
provides as follows:
(3) Enforcement agents who are on, immediately adjacent to, or across from retail liquor permit premises and who are performing investigative duties relating to that premises, enforcement agents who are on premises that are not liquor permit premises but on which a violation of Title XLIII of the Revised Code or any rule adopted under it allegedly is occurring, and enforcement agents who view a suspected violation of Title XLIII of the Revised Code, of a rule adopted under it, or of another law or rule described in division (B)(1) of this section have the authority to enforce the laws and rules described in division (B)(1) of this section, authority to enforce any section in Title XXIX of the Revised Code or any other section of the Revised Code listed in section 5502.13 of the Revised Code if they witness a violation of the section under any of the circumstances described in this division, and authority to make arrests for violations of the laws and rules described in division (B)(1) of this section and violations of any of those sections.
 {¶ 12} Ohio Adm. Code 4301:1-1-61 reads as follows:
4301:1-1-61 Violation-identification and notification
(A) When a compliance officer or enforcement agent of the division of liquor control or department of public safety witnesses a violation of a provision of the liquor control statutes or a rule of the liquor control commission, the compliance officer or enforcement agent shall, upon completion of the investigation, identify themselves by presentation of their credentials to the permit holder or the permit holder's agent or employee, and notify the permit holder or the permit holder's agent or employee of the violation, in writing, on the forms prescribed and provided by the division of liquor control or department of public safety.
* * *
(B) The provisions of paragraph (A) herein shall not be applicable to investigations conducted at the express order of the superintendent of the division of liquor control or the director of the department of public safety.
(C) When a request for citation is made to the division of liquor control or department of public safety by a law enforcement agency, such request must be submitted in writing within thirty days of the date of the alleged violation except where an arrest has been made in connection with the alleged violation.
 {¶ 13} Insofar as they relate to the facts of the present case, these provisions, read together, provide three possible avenues for issuance of citations and subsequent action thereon by the commission: First-hand observation by an enforcement agent of the Department of Liquor Control on or about the premises of the permit holder of a violation; violations, although not witnessed first-hand, but pursued pursuant to an investigation undertaken at the express direction of the Superintendent of the Department of Liquor Control, or the Director of the Department of Public Safety; or a request for a citation made in writing within 30 days by a law enforcement agency. Appellant does not dispute in the present case that liquor control agents did not personally witness the violations, that no investigation of appellee was undertaken at the express order of the Superintendent of the Department of Liquor Control or the Director of the Department of Public Safety, and that Massillon police did not request an investigation within 30 days of the alleged violations. Appellant argues, however, that the absence of these factors is not fatal to prosecution of the violations in this case, first because the 30-day limitation of Rule 61 is only directive and not mandatory, and second, because the commission has authority under other statutory provisions to revoke a permit without the restrictions set forth in R.C. 5502.14(B)(3), or Rule 61.
 {¶ 14} The commission asserts that the requirements of Rule 61 in this case were "substantially complied with" despite the absence in the record of any evidence that a written request was forwarded by the Massillon Police Department to the Division of Liquor Control. The commission relies upon the affidavit of the investigating detective with the Massillon Police Department indicating his recollection and belief that the police department desired to have the Division of Liquor Control issue citations. The commis-sion points to the following language in In ReRaymundo (1990), 67 Ohio App.3d 262, 267, in which this court stated as follows: "Ordinarily a statutory requirement that an act be performed is mandatory while the time for performing the act is directory." The commission points out that in C HInvestors, Inc. v. Ohio Liquor Control Comm. (1999), Franklin App. No. 98AP-1519, this court applied the holding of Raymundo
to Rule 61 to find that the 30-day period for written notification was merely directory, and would not deprive the Division of Liquor Control from going forward with citations issued to a permit holder. These cases are not instructive, however, on the issue before us, because they primarily deal with the failure to adhere to a time limitation set forth in a regulation. In the present case, it is not merely non-compliance with the 30-day limitation of Rule 61 that is at issue, but the trial court's finding that the record did not support that a formal, written request was made at any time by the Massillon Police to the Division of Liquor Control. Even under Raymundo,
assuming, arguendo, that the 30-day limitation is merely directive, the requirement that the act of receiving a written request from the police department is mandatory would support the trial court's finding that the commission lacked authority to proceed with the issuance of citations. Having drafted its own rule, an administrative agency may not at its convenience ignore it, Lydon Co. v. Tracy (1996), 76 Ohio St.3d 66, and the commission may not disregard the clear language of Rule 61 as a prerequisite to proceeding with citations against the permit holder. We accordingly find that the court of common pleas did not err in concluding that the commission's order was not in accordance with law in this respect.
 {¶ 15} Turning to the question of whether the restrictions found in R.C. 5502.14(D)(3) and Rule 61 are irrelevant to the case because of other statutory authority for suspension, we note the following two statutory provisions furnished by appellant:
R.C. 4301.27 Revocation or cancellation of permit
The liquor control commission may revoke or cancel any permit on its own initiative or on complaint of the division of liquor control or of any person, after a hearing at which the holder shall be given an opportunity to be heard in such manner and upon such notice as prescribed by the rules of the commission.
R.C. 4301.25 Suspension or revocation of permit; * * *
(A) The liquor control commission may suspend or revoke any permit issued under this chapter or Chapter 4303, of the Revised Code for the violation of any of the applicable restrictions of either chapter or of any lawful rule of the commission, for other sufficient cause, and for the following causes:
(1) Conviction of the holder or the holder's agent or employee for violating division (B) of section 2907.39 of the Revised Code or a section of this chapter or Chapter 4303. of the Revised Code or for a felony;
(2) The entry of a judgment pursuant to division (D) or (E) of section 3767.05 of the Revised Code against a permit holder or the holder's agent or employee finding the existence of a nuisance at a liquor permit premises or finding the existence of a nuisance as a result of the operation of a liquor permit premises;
(3) Making any false material statement in an application for a permit;
(4) Assigning, transferring, or pledging a permit contrary to the rules of the commission;
(5) Selling or promising to sell beer or intoxicating liquor to a wholesale or retail dealer who is not the holder of a proper permit at the time of the sale or promise;
(6) Failure of the holder of a permit to pay an excise tax together with any penalties imposed by the law relating to that failure and for violation of any rule of the department of taxation in pursuance of the tax and penalties.
 {¶ 16} The commission argues that these provisions may provide an independent ground for revocation or cancellation of a permit without recourse to any of the procedures outlined in R.C.5502.14 or Rule 61. More likely, all statutes operate together to institute a process for citation for rules or statutory violations by a permit holder, or the various other grounds set forth in R.C. 4301.25 for revocation. The case before us, however, does not call for us to fully develop and pass upon the interplay between these various statutory provisions; the revocation in the present case is based upon citations issued and considered under R.C. 5502.14(D)(3) and Rule 61. The other statutory sections cited by appellant do not address disposition of such specific citations or violations, nor were they cited by the commission in its proceedings. As such, we consider only the lawfulness of the commission's order under the pertinent statutes under which the commission acted in issuing the citations in this case and then imposing the penalty of permit revocation. We find that the trial court did not err in determining that the commission's order, while supported by reliable, probative, and substantial evidence, was not in compliance with R.C.5502.14(D)(3) and Rule 61 and therefore not in accordance with law. A revocation under R.C. 4301.25 and 4301.27 presents a different case that is not before us.
 {¶ 17} Accordingly, appellant's sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas vacating the order of the commission is affirmed.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.