OPINION
{¶ 1} Appellant, PFC Lamont Hill Memorial Army-Navy Garrison 2003, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio State Liquor Control Commission ("commission"), imposing a five-day suspension of appellant's liquor permit, or alternatively, a $500 fine. Because the commission had authority to resolve the charges against appellant, and because the *Page 2 
enforcement agents who testified at the administrative hearing not only had authority to enforce the liquor laws, but personally witnessed the violations, we affirm.
 {¶ 2} Appellant is a liquor permit holder in Canton, Ohio. As a result of a complaint about gambling at appellant's location, enforcement agents of the Department of Public Safety ("department") conducted an investigation of the premises. On October 1, 2005, an undercover agent discovered a gambling event was being held on the premises; agents sent there seized poker chips and cash. Based on the incident, appellant was cited for three violations of Ohio Adm. Code 4301:1-1-53, also known as Rule 53.
 {¶ 3} In response to the charges, appellant argued the gambling occurred as part of a fundraiser that a charity held in appellant's hall, an area separate and apart from appellant's bar area. Appellant contended it neither was involved with, nor benefited from, the gambling. After a hearing before the commission, appellant was found to have committed the three charged violations: (1) acquiring, possessing, controlling or operating a gambling device; (2) operating a gambling house; and (3) recklessly permitting public gaming. The commission imposed a five-day suspension of appellant's liquor license, or a $500 forfeiture in lieu of the suspension.
 {¶ 4} Appellant appealed the commission's order to the Franklin County Court of Common Pleas, raising three issues: (1) the commission lacked subject matter jurisdiction and enforcement authority; (2) the commission improperly admitted hearsay statements from appellant-subpoenaed people who failed to appear, thus violating appellant's due process and confrontation rights; and (3) the record lacks substantial evidence to support the commission's decision. The common pleas court determined the commission possessed subject matter jurisdiction. Similarly, it concluded the department's agents had *Page 3 
enforcement authority, as they personally witnessed the gambling offenses on appellant's permit premises.
 {¶ 5} As to appellant's hearsay contentions, the common pleas court noted appellant did not request that the matter be continued or the record be held open so that the missing witnesses could be heard at a later date; nor did appellant proffer evidence the witnesses would have offered. Further observing the commission introduced direct evidence to demonstrate the reliability of the hearsay statements that were admitted, the court found appellant's arguments to be without merit.
 {¶ 6} Finally, the common pleas court concluded substantial evidence supported the penalties the commission imposed upon appellant, as the uncontroverted evidence demonstrated appellant, in violation of Rule 53, allowed the public to participate in a game of chance for gain on its premises under circumstances where the charity event exception did not apply.
 {¶ 7} Appellant timely appeals, assigning two errors:
 ASSIGNMENT OF ERROR NO. 1: The court below erred to Appellant's prejudice when it failed to find that the Ohio Liquor Control Commission lacked subject matter jurisdiction to adjudicate this matter.
 ASSIGNMENT OF ERROR NO. 2: The court below erred to Appellant's prejudice when it found that agents of the Ohio Department of Public Safety had enforcement authority over liquor violations that they themselves did not witness.
 {¶ 8} No factual dispute exists in the present case; rather, the issues appellant raises are legal ones. As an appellate court has plenary review of purely legal questions in an administrative appeal, we must determine whether the common pleas court's *Page 4 
decision is in accordance with law. See Big Bob's, Inc. v. Ohio LiquorControl Comm., 151 Ohio App.3d 498, 2003-Ohio-418, at ¶ 15.
I. First Assignment of Error {¶ 9} Appellant's first assignment of error asserts the commission lacked subject matter jurisdiction to determine the charges filed against appellant. In its appellate brief, appellant lists what it calls "a clear demarcation of authority" granted to the commission under R.C.4301.04. (Appellant's brief, 7.) According to appellant, R.C. 4301.04
allows the commission to determine charges from only three sources: appeals taken from decisions of the division of liquor control, complaints for the revocation of permits, and matters submitted to it by the superintendent of liquor control. Because the charges here arise from none of those sources, appellant contends the commission could not issue an order on the charged violations. Appellant's contention is not persuasive.
 {¶ 10} R.C. 4301.04 grants the commission the power to "suspend, revoke, and cancel permits." R.C. 4301.04(A). It further grants the commission the power to "consider, hear, and determine all appeals authorized" under R.C. Chapters 4301 and 4303 "to be taken from any decision, determination, or order of the division of liquor control, and all complaints for the revocation of permits." R.C. 4301.04(B). Finally, as relevant here, R.C. 4301.04 authorizes the commission to determine any matter the superintendent of liquor control submits for the commission's determination. R.C. 4301.04(D).
 {¶ 11} Appellant's argument focuses only on the provisions of R.C.4301.04(B) and (D). The parties agree this case does not involve either an appeal from a decision, determination, or other order of the division of liquor control under R.C. 4301.04(B); nor does it concern a matter the division of liquor control submitted to the commission for *Page 5 
determination under R.C. 4301.04(D). Appellant asserts the remaining provision of R.C. 4301.04(B) concerning complaints for revocation of permits does not apply because the "violation notice," or 8A citation, filed against appellant is not styled a complaint for revocation.
 {¶ 12} Appellant's contentions under R.C. 4301.04(B) and (D) do not end the inquiry into the commission's authority to hear the charges against appellant, as the argument ignores the broad grant of power given to the commission under R.C. 4301.04(A). Given the authority to "suspend, revoke, and cancel permits" under R.C. 4301.04(A), the commission was vested with the power to hear the charges against appellant, to find three violations, and to issue an order suspending appellant's liquor permit. Moreover, R.C. 4301.25(A) further grants the commission power to suspend or revoke a permit for violation "of any lawful rule" the commission promulgated pursuant to the authority granted it in R.C. 4301.03 to adopt rules implementing the provisions of R.C. Chapters 4301 and 4303. Appellant's permit was suspended for violations of Rule 53 whose legality appellant does not challenge.
 {¶ 13} Despite appellant's efforts to uncover a gap in the statutory scheme set forth in R.C. 4301.04, the plain language of R.C. 4301.04(A) grants the commission authority to suspend a liquor permit, giving the commission authority over the charges filed against appellant. SeeCentral States College of Health Sciences, Inc. v. Ohio Board ofRegents, Franklin App. No. 06AP-35, 2007-Ohio-547 (noting the well-established principle that statutes should be interpreted in a manner avoiding unreasonable or absurd results), citing State ex rel.Dispatch Printing Co. v. Wells (1985), 18 Ohio St.3d 382, 384. Appellant's first assignment of error is overruled. *Page 6 
II. Second Assignment of Error {¶ 14} Appellant's second assignment of error contends that, contrary to R.C. 5502.14(B)(3), the commission failed to prove the charging enforcement agent personally viewed the violations as they occurred. R.C. 5502.14(B)(3) grants enforcement agents the authority to enforce the liquor control laws "if they witness a violation." Id. Dubbing this the "gotta see it yourself" provision, appellant argues an agent lacks enforcement authority unless the agent is at a permit premises and actually witnesses the violation as it occurs. (Appellant's brief, 9.)
 {¶ 15} In this case, Agent Yarian signed the notice of violation, but he did not testify during the administrative hearing; Agents Croft and Erickson testified. According to the transcript of the hearing, Yarian was on the premises during the raid, and even sketched the building's floor plan, but the transcript provides no information as to what he personally witnessed. Relying on R.C. 5502.14(B)(3), appellant thus claims the "record is absolutely devoid of any evidence" that Yarian met the "spatial and temporal" threshold requirements for exercising enforcement authority, leaving the commission without a basis to hear and resolve the charges against appellant. (Appellant's brief, 10.)
 {¶ 16} Initially we note that, despite appellant's contentions to the contrary, the holder of a liquor permit properly may be charged with violations of the liquor laws and face ensuing penalties even if the enforcement agent does not personally witness the violation. Ohio Adm. Code 4301:1-1-61 ("Rule 61"), promulgated pursuant to authority granted in R.C. 119.03 and 4301.03, removes the observation requirement for violations uncovered in investigations that either the superintendent of the division of liquor control or the director of the department of public safety orders. Rule 61 also permits local law *Page 7 
enforcement to request a citation, provided the request is submitted in writing within 30 days of the alleged violation. Were the personal observation of the charging enforcement agent a prerequisite for the commission's determining an alleged liquor violation, then Rule 61 would be unworkable.
 {¶ 17} Aware of Rule 61, appellant cites to Ralker's, Inc. v. OhioLiquor Control Comm., Franklin App. No. 05AP-1072, 2006-Ohio-4778, to support its contention that the charging enforcement agent personally observe the violation. Ralker's upheld the trial court's judgment that, despite the presence of reliable, probative and substantial evidence supporting a finding of violations, the commission's failure to act in accordance with Ohio statutes and its own regulations prohibited the imposition of sanctions.
 {¶ 18} Ralker's does not advance appellant's argument. InRalker's no enforcement agent observed a violation; instead, in accordance with Rule 61, charges were issued, a hearing was held, and a permit was revoked following a police department's request that a citation be issued. Ralker's vacated the revocation not because no enforcement agent observed the violation, but because the police department never forwarded a written request to either the department of liquor control or the department of public safety, as Rule 61 requires.
 {¶ 19} Ralker's thus is factually distinguished from the circumstances giving rise to the charges against appellant. Here, several enforcement agents witnessed the violations. One agent filled out the notice of violation; the others testified during the administrative hearing. The two agents who testified demonstrated they personally witnessed violations, testifying the dealers for the poker game told the agents (1) they *Page 8 
were being paid, not volunteering, and (2) no representative from the charity was present, as required. Both factors are violations of Rule 53.
 {¶ 20} Appellant nonetheless contends the personal observations of the testifying officers essentially are meaningless in determining the commission's authority, as those officers did not prepare the violation notice form. Nothing in R.C. 5502.14 requires that the citing officer testify at a hearing to prove the factual basis for issuing the citation; nor does appellant point to any legal authority in support of its contention. While the preferable course may be to have the citing officer testify, the testimony of other officers, who personally witnessed the violation and thus possessed the authority to cite a permit holder, is sufficient to establish the commission's authority to enforce a violation of the liquor control laws. Appellant's second assignment of error is overruled.
 {¶ 21} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and KLATT, JJ., concur. *Page 1