OPINION
{¶ 1} Appellant, Ohio Liquor Control Commission ("appellant" or "commission"), appeals the judgment of the Franklin County Court of Common Pleas, in which that court reversed appellant's order imposing a two-day suspension of the liquor permit held by appellee, True North Energy, LLC dba True North #339 ("appellee"). *Page 2 
 {¶ 2} This case began on June 17, 2005, when Officer Jason Cole ("Cole") of the Mentor Police Department, visited appellee's convenient store located on Mentor Avenue in Mentor, Ohio. Accompanying Cole that day was 20-year-old James McCue ("McCue"), a volunteer informant, whose date of birth is September 27, 1984. Cole and McCue visited appellee's store as part of a program to check whether area liquor establishments would illegally sell alcoholic beverages to underage persons. Both Cole and McCue testified at the hearing before the commission, and the testimony of each corroborated that of the other in all respects.
 {¶ 3} Cole and McCue arrived at appellee's store in an unmarked vehicle, in which Cole remained while McCue went into the store. Cole testified that the store is very small and it was very easy for him to see inside the store while the transaction took place. He had McCue in his sight at all times. McCue walked to the beer cooler located inside the store, retrieved a six-pack of bottles of "Budweiser Select" beer, and took it to the counter. The man behind the counter did not ask McCue for identification. McCue paid for the beer, exited the store, and returned to Cole's vehicle.
 {¶ 4} The two drove around the block and Cole returned to the store to speak with the clerk about the transaction. Cole later took the beer to the Mentor Police Department, where Mentor Police Officer Lopez logged it into evidence. Cole did not bring the beer to the hearing before the commission because it was inadvertently destroyed some time after arriving at the Mentor Police Department.
 {¶ 5} The Ohio Department of Commerce, Division of Liquor Control ("division"), alleged that appellee had committed two violations of the Ohio Revised Code, as follows: *Page 3 
 Violation #1 On or about June 17, 2005, you and/or your agent and/or employee ANDRE CROWELL and/or your unidentified agent and/or employee did sell in and upon the permit premises beer to CONFIDENTIAL INFORMANT (DOB 9/27/84, Age 20) who was then and there under 21 years of age in violation of Section 4301.69(A) of the Ohio Revised Code.
 Violation #2 On or about June 17, 2005, you and/or your agent and/or employee ANDRE CROWELL and/or your unidentified agent and/or employee did furnish in and upon the permit premises beer to CONFIDENTIAL INFORMANT (DOB 9/27/84, Age 20) who was then and there under 21 years of age in violation of Section 4301.69(A) of the Ohio Revised Code.
 {¶ 6} The evidence presented at the August 1, 2006 hearing consisted solely in the testimony of Cole and McCue. Appellant did not enter Cole's report into evidence, nor, as noted earlier, did appellant offer the purchased beer into evidence. Appellee argued that both charged violations should be dismissed because appellant did not meet its burden of proof as to whether the substance purchased was in fact beer. Following the hearing, appellant issued an order finding appellee in violation as to both Violations 1 and 2. Appellant ordered that appellee had the option of paying a forfeiture in the amount of $200, or serving a two-day suspension.
 {¶ 7} Pursuant to R.C. Chapter 119, appellee timely appealed to the court of common pleas, arguing that appellant's order was not supported by substantial evidence that the substance purchased was beer, or that the person who sold the substance was an employee or agent of appellee. The trial court did not address the issue of whether the person who sold the substance was appellee's employee or agent. However, the court did conclude that appellant's order was unsupported by reliable, probative and substantial evidence that the substance purchased was in fact beer. The court reasoned *Page 4 
that, while the identity of the substance could be proven by circumstantial evidence and, thus, appellant was not required to offer the results of any chemical analysis of the substance, the fact that the beer itself was not offered into evidence resulted in a "manifest lack of physical evidence to support the charge." (Mar. 23, 2007 Decision, 4.)
 {¶ 8} Appellant timely appealed to this court and advances a single assignment of error for our review, as follows:
 The Franklin County Common Pleas Court erred and abused its discretion when it held that the Ohio Liquor Control Commission's decision finding a violation of R.C. 4301.69 was not supported by reliable, probative and substantial evidence and was not in accordance with law.
 {¶ 9} Under R.C. 119.12, when the trial court reviews an order of an administrative agency, the trial court must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law.Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111, 17 O.O.3d 65, 407 N.E.2d 1265; see, also, Andrews v. Bd. of LiquorControl (1955), 164 Ohio St. 275, 280, 58 O.O. 51, 131 N.E.2d 390.
 {¶ 10} "Reliable, probative, and substantial evidence" has been defined as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571, 589 N.E.2d 1303. *Page 5 
 {¶ 11} The trial court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof.'" Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, 2 OBR 223, 441 N.E.2d 584, quotingAndrews, supra, at 280. In its review, the trial court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. ofCincinnati, supra, at 111.
 {¶ 12} An appellate court's review of an administrative decision is more limited than that of a trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, rehearing denied,67 Ohio St.3d 1439, 617 N.E.2d 688. In Pons, the Supreme Court of Ohio noted: "While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion * * * Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or a trial court. Instead, the appellate court must affirm the trial court's judgment." Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140. On questions of law, our review is plenary. Ralker's, Inc.v. Ohio Liquor Control Comm., Franklin App. No. 05AP-1072,2006-Ohio-4778, ¶ 8.
 {¶ 13} We note initially that one of appellee's arguments in support of the trial court's decision is that the division failed to carry its burden of proof as to whether the *Page 6 
clerk who made the sale to McCue was appellee's agent or employee. According to appellee, because there was no testimony or other evidence to support this element of the charged violations, appellant's order is invalid. The record reveals, however, that appellee failed to raise this issue at the hearing and thereby waived it. ETB Corp. v. Ohio LiquorControl Comm., Franklin App. No. 02AP-738, 2003-Ohio-589, ¶ 24; Am.Legion Post 200 v. Ohio Liquor Control Comm. (Dec. 20, 2001), Franklin App. No. 01AP-684.
 {¶ 14} Section 4301.22(A)(1) of the Ohio Revised Code provides, "[e]xcept as otherwise provided in this chapter, no beer or intoxicating liquor shall be sold to any person under twenty-one years of age." Section 4301.69(A) of the Ohio Revised Code similarly provides, "[e]xcept as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person." As used in these statutes, "`[b]eer' includes all beverages brewed or fermented wholly or in part from malt products and containing one-half of one per cent or more, but not more than twelve per cent, of alcohol by volume." R.C.4301.01(B)(2).
 {¶ 15} In Glossip v. Liquor Control Comm. (July 24, 2001), Franklin App. No. 00AP-1074, 2001 Ohio App. LEXIS 3295, this court determined that the revocation of a liquor permit was supported by sufficient evidence where the record contained a properly authenticated investigative report stating that the permit holder's agent furnished a visibly intoxicated patron with a can of Bud Light beer. We held that a "chemical analysis is not necessary to establish that a mass produced beer comes within the legal definition of [beer,]" and reasoned that "[s]ince Bud Light is a mass produced beer, chemical analysis was not necessary * * *." Id. at *7-8. *Page 7 
 {¶ 16} In the present case, the trial court acknowledged that a chemical analysis was not necessary, but determined that, in order for appellant to have properly inferred that the substance that McCue purchased was the mass-produced "Budweiser Select" beer, as McCue and Cole had testified, the beer bottles themselves needed to be in evidence. The trial court found that the testimony of McCue and Cole constituted an insufficient basis for an inference as to the identity of the substance.
 {¶ 17} In support of its assignment of error, appellant argues that the trial court erred in determining that the record lacked the requisite quantum of proof that the substance that McCue purchased was in fact beer. Appellant points out that in Glossip, like in the instant case, the actual beer served in that case was, apparently, not entered into evidence, and that if this court had intended to hold that the actual beer must be in evidence, then we would have taken the opportunity in Glossip to explicitly so hold. Appellant maintains that the division was not required to produce the beer itself, and that appellant was permitted to infer the identity of the substance from the testimony of Cole and McCue.
 {¶ 18} For support of this proposition, appellant directs our attention to the case of Digrat, Inc. v. Ohio Liquor Control Comm. (Dec. 27, 2001), Franklin App. No. 01AP-391. In that case the permit holder was charged with numerous violations stemming from drug trafficking on the permit premises. The record contained evidence that an ATF agent had observed hundreds of drug transactions at the permit premises over a two-year period, and that the agent had purchased cocaine from bartenders, other employees, and patrons. The record contained detailed descriptions of each drug transaction, including the amount of cocaine purchased, but the cocaine itself was not entered into evidence. *Page 8 
 {¶ 19} On appeal, the permit holder argued that the revocation order was invalid because it was based upon proof by circumstantial evidence. We concluded that the trial court had not erred in concluding that a violation could be proved by circumstantial evidence. We relied upon the case of VFW Post 8586 v. Ohio Liquor Control Comm. (1998),83 Ohio St.3d 79, 697 N.E.2d 655, in which the Supreme Court of Ohio held, "[t]here is no requirement * * * that a violation be proved by direct evidence. The commission is permitted to draw reasonable inferences based on the evidence before it." Id. at 82.
 {¶ 20} Based upon the holdings in Digrat and VFW Post 8586, appellant argues that McCue's and Cole's unrebutted, sworn testimony is a sufficient basis upon which appellant could infer that McCue purchased bottles marked "Budweiser Select" at the permit premises; further, based on Glossip, it maintains that because Budweiser Select is a mass-produced beer, no further evidence is required in order to sufficiently establish that the substance contained in the bottles was, in fact, beer.
 {¶ 21} Appellee does not dispute that the identity of a substance may be proven by circumstantial evidence, but argues that Cole's and McCue's testimony as to the appearance of the bottles was insufficient. Appellee maintains that in order to prove that the substance in this case was beer, the division was required to produce circumstantial evidence such as evidence that the substance smelled, looked or tasted like beer.
 {¶ 22} For support of this proposition, appellee cites the case ofEasy Bros. v. Liquor Control Comm., Franklin App. No. 03AP-908,2004-Ohio-3378. In that case the permit holder was charged with selling intoxicating liquor to an underage person. The *Page 9 
term "intoxicating liquor" includes "mixed beverages."[1] The term "mixed beverages" includes "cocktails" that contain a certain percentage of alcohol by volume.[2] The investigative report indicated that a 19-year-old informant successfully purchased an "Absolut Cranberry" cocktail. However, the division did not offer the substance itself into evidence, nor did it present the results of a chemical analysis thereof, or other circumstantial evidence such as testimony regarding the taste or smell of the substance.
 {¶ 23} In reversing the trial court's affirmance of the suspension order, this court distinguished the case from those involving mass-produced beer, beer identified as such by virtue of it being yellow and having a head on it, and beer or liquor identified by other circumstantial evidence from which the commission may infer the identity and composition of a substance. We explained that in Easy Bros., "the drink allegedly served was a `mixed drink,' which may or may not have contained the requisite percentage of alcohol." Id. at ¶ 16. This court went on to state, "the commission and the trial court had before them only evidence that an underage confidential informant requested a mixed drink and was served a drink which may or may not have contained an unknown quantity of alcohol. This evidence is not sufficient * * *." Id. at ¶ 19.
 {¶ 24} We find Easy Bros. does not support appellee's position. InEasy Bros. we did not mandate that the division present either the beverage itself, or evidence as to the taste, smell or appearance of the beverage. We simply concluded that the record must contain some reliable, probative, and substantial evidence — direct or circumstantial — as *Page 10 
to the identity of the substance, and that an informant's bare assumption that what she had been served was in fact what she had ordered, without more, is insufficient.
 {¶ 25} The specific question presented in the present appeal is whether the sworn, unrebutted testimony of the investigating officer and the underage informant, attesting to the fact that the informant purchased a six-pack of bottles marked "Budweiser Select" is sufficient evidence from which the commission may infer that the substance purchased was indeed "beer," for purposes of a finding of a violation of R.C. 4301.69(A).
 {¶ 26} In the case of State v. Maupin (1975), 42 Ohio St.2d 473, 71 O.O.2d 485, 330 N.E.2d 708, the Supreme Court of Ohio affirmed a conviction for possession of marijuana, when the state introduced neither the substance itself, nor any chemical analysis to establish the identity of the substance. The only evidence as to the identity of the substance was the testimony of the police officer that executed the search warrant and seized the marijuana. He testified about the search and, through his testimony, the state introduced the return of the search warrant, listing a tobacco pouch containing a plastic bag of cannabis. The trial court refused to instruct the jury to disregard the officer's testimony regarding the marijuana. On appeal, the defendant argued that because the state had not produced the substance itself, or a chemical analysis thereof, it had failed to present any evidence proving that the substance was in fact marijuana.
 {¶ 27} In affirming the conviction, the Supreme Court of Ohio held, "[t]he best evidence rule is without application to the proof of the nature, appearance, or condition of physical objects; such facts may be proved by parole [sic] evidence without the necessity of introducing the objects in evidence or accounting for their absence." Id. at paragraph one of the syllabus. The court determined that the officer's testimony was sufficient to *Page 11 
prove the identity of the substance because the officer had enough drug interdiction experience so as to be competent to testify as to the identity of the substance. Id. at paragraph two of the syllabus. In other words, so long as it is otherwise competent, witness testimony is sufficient to prove the identity of a substance without the necessity of admitting the substance itself into evidence.
 {¶ 28} In the case of Twenty Two Fifty, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 06AP-844, 2007-Ohio-946, this court recently held that, where a liquor permit holder is charged with a violation based upon trafficking in a controlled substance on the permit premises, the otherwise competent testimony of the investigating officer that he purchased cocaine from an employee on the premises, is sufficient proof of the identity of the substance, where the charging authority offers into evidence neither the substance itself, nor a chemical analysis thereof. Citing the cases of Digrat, Inc. v. Ohio Liquor ControlComm. (Dec. 27, 2001), Franklin App. No. 01AP-391, and VFW Post 8586 v.Ohio Liquor Control Comm. (1998), 83 Ohio St.3d 79, 697 N.E.2d 655, discussed hereinabove, we held, "drug dealing was properly proven through circumstantial evidence from the investigating officers' testimony." Id. at ¶ 83.
 {¶ 29} Even in criminal cases, in which the burden of proof is higher than in proceedings involving liquor permits, we have held that an officer's otherwise competent testimony is sufficient to prove the identity of beer, and the state need not present the substance itself or a chemical analysis thereof.
 {¶ 30} In Whitehall v. Dong (July 8, 1999), Franklin App. No. 98AP-1155, the defendant was charged with selling alcohol to an underage person, in violation of R.C. 4301.69. Both the underage informant and the arresting officer testified that the informant *Page 12 
ordered a "Bud Light" beer and that the defendant took a sealed bottle marked "Bud Light" out of a cooler, opened it, and served it to the informant. Neither witness testified as to the taste, smell or color of the substance in the bottle, and the city presented neither the bottle itself, nor any chemical analysis of the substance contained therein.
 {¶ 31} On appeal from his conviction, the defendant argued that the evidence was insufficient and that his conviction was against the manifest weight of the evidence because there was no evidence to prove that the bottle contained "beer" as defined in R.C. 4301.01(B)(2). We rejected that argument, holding, "[circumstantial evidence is sufficient to sustain a conviction in cases alleging a violation of R.C. 4301.69." Id., 1999 Ohio App. LEXIS 3192, at *7. Accord In re Litterst (June 26, 1998), Lake App. No. 97-L-135 (finding of juvenile delinquency based on underage possession of beer was supported by sufficient evidence based on the testimony of the arresting officer that he observed the juvenile in possession of two 12-ounce bottles of "Busch" beer); D. Michael SmithEnt., Inc. v. Ohio Liquor Control Comm. (Oct. 29, 1997), Summit App. No. 18332 (suspension based on sale of beer to underage patrons was supported by reliable, probative, and substantial evidence where the only evidence of the identity of the substance was the agents' report describing the beverages purchased as being labeled "Michelob Golden Draft Beer," and the testimony of one underage patron that he purchased a "beer" at the permit premises).
 {¶ 32} In the present case, the commission had before it the sworn, unrebutted testimony of both Officer Cole and the informant, attesting to the fact that the informant purchased a six-pack of sealed bottles labeled "Budweiser Select." Based upon the foregoing authorities, we hold that this is sufficient evidence from which the commission *Page 13 
could infer that the substance purchased was indeed "beer," for purposes of a finding of a violation of R.C. 4301.69(A), notwithstanding the fact that the division introduced neither the bottles themselves nor a chemical analysis of the contents thereof. Thus, we find that the trial court abused its discretion in determining otherwise, and in reversing the commission's order on that basis.
 {¶ 33} Accordingly, appellant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed; cause remanded.
BRYANT and PETREE, JJ., concur.
[1] R.C. 4301.01(A)(1).
[2] R.C. 4301.01(B)(4). *Page 1