[Cite as *State v. Mansour*, 2016-Ohio-755.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-06-051 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 2/29/2016 |
| - vs - | | |
| | : | |
| NATHANIEL J. MANSOUR, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM MASON MUNICIPAL COURT
Case No. 14CRB00154

Bethany S. Bennett, 5950 Mason-Montgomery Road, Mason, Ohio 45040, for plaintiff-appellee

James R. Hartke, 917 Main Street, Suite 400, Cincinnati, Ohio 45202, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Nathaniel Mansour, appeals his conviction in the Mason Municipal Court for possession of marijuana.

{¶ 2} On February 13, 2014, Trooper James Hutchinson of the Ohio State Highway Patrol was traveling southbound on State Route 42 in Mason, Ohio when he observed appellant's vehicle traveling at a high rate of speed. Appellant was traveling in the opposite

direction, going northbound on State Route 42. Trooper Hutchinson activated the Python radar unit in his cruiser and clocked appellant traveling at 57 m.p.h. in a 40 m.p.h. zone. Trooper Hutchinson initiated a traffic stop.

{¶ 3} Upon approaching appellant's car on the driver's side, the trooper noticed a strong odor of raw marijuana coming from inside the vehicle. Appellant, the sole occupant, denied there was marijuana in his car. Subsequently, Trooper Hutchinson asked appellant to exit the car, searched appellant's person and found no contraband, placed appellant, without handcuffs, in the back of his cruiser, and searched appellant's car. The trooper found a cold to the touch, partially burnt marijuana joint under the boot of the emergency brake. The joint was sent to the Highway Patrol Crime Laboratory; the joint contained .027 grams of marijuana.

{¶ 4} Appellant was charged with speeding and possession of marijuana. Appellant moved to suppress the marijuana joint. Following a hearing on the motion, the trial court denied the motion. The matter then proceeded to a bench trial before a magistrate. Appellant and the trooper both testified at trial. On December 4, 2014, the magistrate found appellant guilty of marijuana possession but not guilty of speeding. With regard to the latter, the magistrate found that the Python radar device "has not been the subject of judicial notice within this jurisdiction and there was no testimony [regarding] the principles upon which the device operates." In addition, "there has been no evidence of the speed of appellant's vehicle with the exception of the testimony that the speed appeared to be in excess of the speed limit."

{¶ 5} Appellant filed objections to the magistrate's decision, which were overruled by the trial court. Appellant subsequently filed a Crim.R. 29(C) motion for acquittal and a motion for a new trial. Both motions were denied by the trial court.

{¶ 6} Appellant now appeals, raising four assignments of error. For chronological

- 2 -

purposes, we address appellant's fourth assignment of error out of order.

{¶ 7} Assignment of Error No. 4:

{¶ 8} THE TRIAL COURT ERRS TO THE PREJUDICE OF APPELLANT MANSOUR BY OVERRULING APPELLANT'S MOTION TO SUPPRESS ENTERED ON JULY 9, 2014 WHEN THE STATE NEVER ESTABLISHED ANY QUALIFICATIONS OF TROOPER HUTCHINSON AS A PERSON WHO IS QUALIFIED AND TRAINED TO RECOGNIZE THE SMELL OF MARIJUANA.

{¶ 9} Appellant argues the trial court erred in denying his motion to suppress. Appellant asserts Trooper Hutchinson lacked probable cause to search his car without a warrant because there was no evidence the trooper was certified or an expert in recognizing the smell of marijuana, and there were no exigent circumstances as appellant was in the cruiser at the time of the search. Appellant also asserts his detention for the purpose of searching his car violated the Ohio Supreme Court's holding in *State v. Robinette*, 80 Ohio St.3d 234 (1997).

{¶ 10} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 11} Generally, "[f]or a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant." *State v. Moore*, 90 Ohio St.3d 47, 49 (2000). However, "the smell of marijuana, alone, by a

- 3 -

person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need not be other tangible evidence to justify a warrantless search of the vehicle." *Id.* at 48. *See also State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255 (reaffirming that the smell of marijuana in the passenger compartment of a vehicle establishes probable cause for a warrantless search of the passenger compartment, but not of the trunk).

{¶ 12} Contrary to appellant's assertion, there is no requirement that law enforcement officers have specific training or be an expert in order to identify the smell of marijuana. *State v. Knox*, 8th Dist. Cuyahoga No. 98713, 2013-Ohio-1662, ¶ 15. "The ordinary training and experience of a police officer may qualify an officer to identify marijuana and establish probable cause to conduct a search if the officer establishes that he has had some experience identifying marijuana in the past." *Id.*

{¶ 13} During the suppression hearing, Trooper Hutchinson testified that he was a law enforcement officer with several years of experience, he was trained to recognize the smell of raw and burnt marijuana, and during his service with the drug interdiction task force, he was involved in numerous stops involving the smell of marijuana. The trooper described the smell of raw marijuana coming from appellant's vehicle as "strong" and "very strong." Based on the trooper's testimony, the trial court found that the trooper was qualified by reason of his training and experience to recognize the smell of marijuana. Given his testimony, we find that Trooper Hutchinson was qualified to recognize the smell of marijuana and that he had probable cause to search appellant's car based upon the odor of marijuana coming from inside the car. *See State v. Eiler*, 5th Dist. Tuscarawas No. 2015 AP 05 0023, 2016-Ohio-224, ¶ 32; *State v. Ivery*, 11th Dist. Lake No. 2011-L-081, 2012-Ohio-1270, ¶ 28; and *State v. Rodriguez*, 12th Dist. Butler No. CA2014-03-073, 2015-Ohio-571, ¶ 19.

{¶ 14} Appellant cites *State v. Birdsong*, 5th Dist. Stark No. 2008 CA 00221, 2009-

Ohio-1859, for the proposition that because the state never asked any questions of Trooper Hutchinson during the suppression hearing as to his qualification in recognizing the smell of marijuana, the trooper was not qualified and thus, lacked probable cause to search appellant's car. Appellant is correct that Trooper Hutchinson testified about his training and experience in recognizing the smell of marijuana solely on cross-examination.

{¶ 15} In *Birdsong*, the court of appeals held that an officer is required under *Moore* to "be trained and/or experienced in identifying and detecting the smell of marijuana." *Id.* at ¶ 16. The court then found, "The State, in the instant action, did not present any testimony as to [the patrolman's] qualifications, including his training and/or experience. *In the absence of such testimony*, we find the officer's testimony about an odor of marijuana, standing alone, was insufficient to establish probable cause to search Appellant's vehicle." (Emphasis added.) *Id.*

{¶ 16} We find that *Birdsong* is inapplicable here. While it mirrors our case in that the state did not present any testimony about the officer's qualifications, it differs in that unlike in our case, there was no testimony at all in *Birdsong* regarding the officer's qualifications. In cases where *no* testimony is adduced regarding an officer's training, experience, or qualifications in detecting and identifying the odor of marijuana, reviewing courts have held that suppression is proper when the sole basis for arrest is the smell or presence of marijuana. *See State v. Bradley*, 5th Dist. Richland No. 2003-CA-0040, 2003-Ohio-5914 (no evidence presented at the suppression hearing); *State v. Gaus*, 4th Dist. Ross No. 00CA2546, 2001 WL 1913831 (Mar. 21, 2001) (Same). Such is not the case here.

{¶ 17} Appellant also asserts Trooper Hutchinson lacked probable cause to search his car without a warrant because there were no exigent circumstances as appellant was in the cruiser at the time of the search. In support of his assertion, appellant cites the Ohio Supreme Court's decision in *State v. Mills*, 62 Ohio St.3d 357 (1992) (the automobile

exception allows police to conduct a warrantless search of a vehicle if there is probable cause to believe the vehicle contains contraband, and exigent circumstances necessitate a search or seizure).

{¶ 18} The fact there were no exigent circumstances does not negate the applicability of the automobile exception pursuant to *Moore*. As the Ohio Supreme Court stated, "if the smell of marijuana, as detected by a person who is qualified to recognize the odor, is the sole circumstance, this is sufficient to establish probable cause" to search a vehicle under the automobile exception "based exclusively upon the odor of marijuana coming from the defendant's vehicle." *Moore*, 90 Ohio St.3d at 50-51. We note that the supreme court's decision in *Mills* predates its *Moore* decision, and thus does not preclude the applicability in the case at bar of the *Moore* "plain smell" doctrine.

{¶ 19} Lastly, appellant asserts his detention for the purpose of searching his car violated *Robinette* and thus, the trial court erred in denying his motion to suppress. However, while appellant filed a motion to suppress, he never challenged his detention on the ground it violated *Robinette*. The issue is accordingly waived. *See State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764 (if a particular suppression issue is not raised in a suppression motion, that issue is waived).

{¶ 20} We find the trial court did not err in denying appellant's motion to suppress. Appellant's fourth assignment of error is overruled.

{¶ 21} Assignment of Error No. 1:

{¶ 22} THE TRIAL COURT ERRS TO THE PREJUDICE OF APPELLANT MANSOUR BY FINDING THERE IS PROBABLE CAUSE FOR THE TROOPER TO SEARCH MANSOUR'S VEHICLE AFTER THE TRIAL COURT FOUND MANSOUR NOT GUILTY OF SPEEDING, WHICH FORMS THE BASIS OF THE STOP BY THE TROOPER[,] AS A RESULT THE SEARCH IS TAINTED AS FRUIT OF THE POISONOUS TREE.

{¶ 23} Appellant argues that because he was found not guilty of speeding, the offense for which he was initially stopped, there was no legal basis to stop appellant and thus, "everything that followed and all the evidence obtained as a result of the illegal stop were tainted as the 'fruit of the poisonous tree' and were inadmissible." Appellant cites *Kirtland Hills v. McGrath*, 89 Ohio App.3d 282 (11th Dist.1993), in support of his argument.

{¶ 24} In *Kirtland Hills*, the defendant was convicted of speeding and driving under the influence of alcohol. On appeal, the court of appeals found that because the trial court failed to take judicial notice of the speed limit under R.C. 4511.21(B)(6), and because the defendant's speed was not unreasonable for the conditions, the state failed to prove the defendant violated the speed limit. Consequently, the court of appeals held there was no legal basis to stop the defendant, hence "everything that followed and all the evidence obtained as a result of the illegal stop were tainted as the 'fruit of the poisonous tree' and were inadmissible." *Id.* at 287. We decline to follow the analysis and holding of *Kirtland Hills*.

{¶ 25} Under the exclusionary rule, evidence that is the product of a search or seizure that violates the Fourth Amendment cannot be used and must instead be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407 (1963). It is well-settled that "the exclusionary rule will not ordinarily be applied to suppress evidence which is the product of police conduct that violates a statute but falls short of a constitutional violation, unless specifically required by the legislature." *State v. French*, 72 Ohio St.3d 446, 449 (1995). That is, the exclusionary rule is only applicable to constitutional violations, and is not applicable to violations of state statutes that do not rise to the level of constitutional violations. *See Kettering v. Hollen*, 64 Ohio St.2d 232.

{¶ 26} Contrary to appellant's argument, simply because the trial court found him not guilty of speeding does not establish that the traffic stop was illegal. In the case at bar, the trial court found appellant not guilty of speeding merely because the state failed to establish

the reliability of the Python radar and there was no testimony from the trooper as to the specific speed of appellant's vehicle. The trial court made no finding that the traffic stop was illegal and did not acquit appellant on that basis. Therefore, appellant's assertion that the traffic stop was illegal simply because he was acquitted of the speeding charge for which he was initially stopped, is wrong. That the state may fail to prove an offense by proof beyond a reasonable doubt does not mean that the much lower standard of probable cause did not exist to support the offense in the first instance. In denying the motion to suppress, the trial court found there was probable cause for the stop and the record supports this finding. As the traffic stop of appellant under the circumstances presented here was supported by probable cause, it did not violate the Fourth Amendment and the trial court was not required to suppress evidence obtained as a result of the stop. *State v. Burton*, 12th Dist. Butler No. CA2005-12-528, 2006-Ohio-4048; *Bowling Green v. Godwin*, 110 Ohio St.3d 58, 2006-Ohio-3563. The trial court, therefore, did not err in failing to suppress the marijuana joint.

{¶ 27} Appellant's first assignment of error is overruled.

{¶ 28} Assignment of Error No. 2:

{¶ 29} THE TRIAL COURT ERRS TO THE PREJUDICE OF APPELLANT MANSOUR BY FINDING MANSOUR GUILTY WHEN TROOPER HUTCHINSON TESTIFIED HE DID NOT FIND RAW MARIJUANA AND RECANTED HIS TESTIMONY ON CROSS WHEN HE STATED HE COULD NOT SMELL THE MARIJUANA FROM A DISTANCE UNTIL HE BRINGS IT UNDER HIS NOSE.

{¶ 30} Appellant challenges his conviction for marijuana possession on the grounds that (1) the state failed to establish Trooper Hutchinson was qualified to recognize the smell of marijuana, (2) the trooper was required but failed to further investigate "to corroborate the totality of the circumstances," and (3) given the numerous discrepancies and contradictions in his testimony, the trooper was not credible.

{¶ 31} At trial, Trooper Hutchinson testified on direct examination that he was a state trooper with 17 years of experience and that he was able to recognize the smell of raw and burnt marijuana from his training and experience in the field. The trooper testified that upon approaching appellant's vehicle, he immediately noticed an odor of raw marijuana coming from inside the vehicle. The trooper testified he found a small, partially burnt marijuana joint under the gearshift of the vehicle.

{¶ 32} On cross-examination, the trooper testified he was trained to recognize the smell of raw and burnt marijuana, stated there is "a distinct difference between raw and burnt marijuana," and generally described the odor of marijuana as "very pungent" and "very distinct." The trooper also testified that depending on the grade of marijuana, even a small quantity of marijuana can "give off a very strong odor." The trooper testified that as soon as he approached appellant's car, he noticed a "strong" smell of raw marijuana and therefore, expected to find marijuana in the vehicle. The trooper testified he found a small, cold to the touch, partially burnt marijuana joint "down in the gearshift," and more specifically under the boot of the "emergency break" which is "in the area of the gearshift." The trooper testified that while the joint "had a burnt smell" when he held it up to his nose, he could not smell the burnt odor from a distance. The trooper testified, however, that what he was smelling in the car was not burnt marijuana, but rather "[r]aw marijuana. The backside of that smelled like raw marijuana."

{¶ 33} As we stated, "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need not be other tangible evidence to justify a warrantless search of the vehicle." *Moore*, 90 Ohio St.3d at 48. Given his trial testimony, we find that Trooper Hutchinson was qualified to recognize the smell of marijuana. We further find that once the trooper noticed a smell of marijuana coming from appellant's

vehicle, he had probable cause to search the passenger compartment of the car, and contrary to appellant's assertion, no further investigation was necessary "to corroborate the totality of the circumstances." *Id.*[1]

{¶ 34} Upon reviewing Trooper Hutchinson's testimony in its entirety, we find it supports appellant's conviction for possession of marijuana. While there were some discrepancies and inconsistencies throughout the trooper's testimony, the trial court was in the best position to weigh the credibility of the trooper and resolve any conflicts or inconsistencies. *See State v. Henderson*, 12th Dist. Warren Nos. CA2002-08-075 and CA2002-08-076, 2003-Ohio-1617; *State v. Malone*, 8th Dist. Cuyahoga No. 100277, 2014-Ohio-2182.

{¶ 35} Appellant's second assignment of error is overruled.

{¶ 36} Assignment of Error No. 3:

{¶ 37} THE TRIAL COURT ERRS TO THE PREJUDICE OF APPELLANT MANSOUR BY FAILING TO HAVE THE STATE PRODUCE THE ILLEGAL CONTRABAND OF MARIJUANA AS THE PHYSICAL EVIDENCE AT TRIAL VIOLATING MANSOUR'S RIGHTS UNDER THE SIXTH AMENDMENT AS TO RIGHT OF CONFRONTATION.

{¶ 38} Appellant challenges his conviction for marijuana possession on the ground the marijuana joint found in his car was not brought into court and was neither introduced nor admitted into evidence. Appellant asserts the state cannot prove its case without the marijuana joint. Appellant also asserts that without the marijuana joint, his right to cross-examine was unlawfully restricted in violation of "his guaranteed Sixth Amendment right of

---

1. We note that in addition to the passenger compartment of the car, the trooper also searched the trunk of appellant's vehicle. In *Farris*, the Ohio Supreme Court held that "[a] trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches," and that "[t]he odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle." *Farris*, 2006-Ohio-3255 at ¶ 51-52. The trooper's search of the trunk was not challenged on appeal or below.

confrontation."

**{¶ 39}** We first reject appellant's argument that his right to cross-examine was violated because the marijuana joint was not introduced or admitted at trial. The Confrontation Clause of the Sixth Amendment to the United States Constitution preserves the right of a criminal defendant to be confronted with the witnesses against him. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 83. Among the most vital rights guaranteed under this clause is the right of criminal defendants to cross-examine witnesses at trial. *State v. Vansickle*, 12th Dist. Fayette No. CA2013-03-005, 2014-Ohio-1324, ¶ 40. To that end, the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354 (2004); *State v. Doby*, 12th Dist. Butler No. CA2013-05-084, 2014-Ohio-2471, ¶ 31.

**{¶ 40}** The Sixth Amendment right to confrontation relates to witnesses testifying against a defendant. The production of physical evidence, or the lack of, does not implicate the Confrontation Clause. In the case at bar, Trooper Hutchinson testified and was subject to a thorough cross-examination by defense counsel. Appellant's right to cross-examine was therefore not restricted.

**{¶ 41}** We note that appellant cites a decision of the Fourth Appellate District in support of his argument that his right to cross-examine was unlawfully restricted in violation of the Confrontation Clause. *See State v. Rapp*, 67 Ohio App.3d 33 (4th Dist.1990) (to restrict a defendant's right to cross-examine serves no useful purpose, hinders the truth-seeking function of a trial, and clearly violates his guaranteed Sixth Amendment right of confrontation). However, *in Rapp*, the defendant was prevented by the trial court from cross-examining the state's key witness on several specific issues. Such is not the case here. *Rapp* is therefore inapplicable.

{¶ 42} Appellant also argues that the state cannot prove its case without the marijuana joint. In the case at bar, Trooper Hutchinson testified he found the partially burnt marijuana joint in appellant's car. We reject appellant's argument on the basis of *State v. Maupin*, 42 Ohio St.2d 473 (1975).

{¶ 43} In *Maupin*, the Ohio Supreme Court affirmed a conviction for possession of marijuana where the state introduced neither the substance itself, nor any chemical analysis, to establish the identity of the substance. The only evidence as to the identity of the substance was the testimony of the police officer that had executed the search warrant and seized the marijuana. The trial court refused to instruct the jury to disregard the officer's testimony regarding the marijuana. On appeal, the defendant argued that because the state had not produced the substance itself, or a chemical analysis thereof, it had failed to present any evidence proving that the substance was in fact marijuana.

{¶ 44} The supreme court upheld the conviction. The court found that "[t]he best evidence rule is without application to the proof of the nature, appearance, or condition of physical objects; such facts may be proved by parole [sic] evidence without the necessity of introducing the objects in evidence or accounting for their absence." *Maupin*, 42 Ohio St.2d at paragraph one of the syllabus. The supreme court further determined that the officer's testimony was sufficient to prove the identity of the substance because the officer had enough drug interdiction experience and was thus competent to testify as to the identity of the substance. *Id.* at paragraph two of the syllabus. "In other words, so long as it is otherwise competent, witness testimony is sufficient to prove the identity of a substance without the necessity of admitting the substance itself into evidence." *True North Energy, L.L.C. v. Liquor Control Comm.*, 10th Dist. Franklin No. 07AP-393, 2007-Ohio-5968, ¶ 27; *see also State v. Adams*, 8th Dist. Cuyahoga No. 61814, 1992 WL 189555 (Aug. 6, 1992) (pursuant to *Maupin*, admission into evidence of the testimony of a law enforcement officer

that a substance given to him is contraband is proper when that testimony is based upon knowledge and experience).

{¶ 45} Appellant's third assignment of error is accordingly overruled.

{¶ 46} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.