[Cite as *State v. Fields*, 2016-Ohio-3127.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2015 CA 00182 |
| CARLOS J. FIELDS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  2015 CR 00647


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           May 23, 2016


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           BRADLEY R. IAMS
PROSECUTING ATTORNEY                      301 Cleveland Avenue, NW
KRISTINE W. BEARD                         Canton, Ohio  44702
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

*Wise, J.*

{¶1}   Defendant-Appellant Carlos Jermaine Fields appeals his conviction and sentence on one count of possession of cocaine, entered in the Stark County Common Pleas Court following a plea of no contest.

{¶2}   Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS

{¶3}   On June 23, 2015, Appellant Carlos Jermaine Fields was indicted by the Stark County Grand Jury on one count of possession of cocaine, in violation of R.C. §2925.11(A)(c)(4)(c), a First Degree Felony.

{¶4}   On July 17, 2015, Appellant appeared before the court for an arraignment and entered a not guilty plea to the indictment.

{¶5}   On August 4, 2015, Appellant filed a Motion to Suppress, asserting that the law enforcement officer lacked sufficient training in marijuana odors to establish probable cause to search Appellant's person.

{¶6}   On August 6, 2015, the trial court conducted a hearing wherein the following evidence was presented:

{¶7}   On April 26, 2015, Ohio State Highway Patrol Trooper Justin Smith stopped Appellant for speeding, traveling 48 miles per hour in a 35 mile per hour zone, and equipment failure (a damaged headlight).  As the Trooper approached the vehicle he observed two occupants in the vehicle. The Trooper also observed Appellant in the driver's seat quickly moving his right arm to shove something over to his left side. When the Trooper reached the driver's side window, Appellant engaged in unusual behavior

yelling "don't shoot me." The Trooper immediately smelled a strong odor of marijuana. He then asked Appellant to exit the vehicle and called for backup.

{¶8} The Trooper placed Appellant in the back seat of his cruiser as a safety precaution and to determine if the marijuana odor was emanating from Appellant. After placing Appellant in the back seat of his cruiser, Trooper Smith realized that Appellant was sitting next to and had access to his coat, which he had left on the backseat. When Trooper Smith reached in the vehicle to remove his coat, he again smelled a strong odor of marijuana emanating from Appellant's person. The Trooper then removed Appellant from the vehicle to conduct a search of Appellant's person.

{¶9} Prior to the search commencing, Appellant voluntarily handed Trooper Smith a plastic baggie containing 4 grams of marijuana and admitted that he had been smoking marijuana earlier that day.

{¶10} Appellant was then handcuffed to continue the search for weapons and contraband. During the search, the Trooper recovered $2,030.00 in United States currency from Appellant's right front pocket and cocaine from Appellant's left coat pocket. Appellant was placed under arrest for cocaine possession.

{¶11} On September 10, 2015, the trial court issued findings of fact and conclusions of law. Specifically, the trial court found that the Trooper had probable cause to stop Appellant's vehicle and probable cause to search Appellant's person, thereby overruling Appellant's motion to suppress.

{¶12} On September 30, 2015, Appellant appeared and entered a No Contest Plea to the indicted charge.

**{¶13}** Appellant now appeals the trial court's decision overruling Appellant's suppression motion and raising the following error for review:

ASSIGNMENT OF ERROR

**{¶14}** "I. THERE WAS NO PROBABLE CAUSE TO SEARCH FIELDS BECAUSE THE OFFICER LACKED THE TRAINING OR EXPERIENCE NECESSARY TO IDENTIFY AND DETECT THE SMELL OF MARIJUANA."

**I.**

**{¶15}** In his sole Assignment of Error, Appellant argues the trial court erroneously denied his motion to suppress. We disagree.

**{¶16}** The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibits the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

**{¶17}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v.*

*Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. However, as the United States Supreme Court held in *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

{¶18} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *See Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *State v. Andrews* (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.

{¶19} The United States Supreme Court has held that "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." *Ornelas v. U.S.* (1996), 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

{¶20} Generally, "[f]or a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant." *State v. Moore,* 90 Ohio St.3d 47, 49 (2000). However, "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need not be other tangible evidence to justify a warrantless search of the vehicle." *Id.* at 48. *See also State v. Farris,* 109 Ohio St.3d 519, 2006–Ohio–3255 (reaffirming that the smell of marijuana in the passenger compartment of a vehicle establishes probable cause for a warrantless search of the passenger compartment, but not of the trunk).

**{¶21}** There is no requirement that law enforcement officers have specific training or be an expert in order to identify the smell of marijuana. *State v. Knox,* 8th Dist. Cuyahoga No. 98713, 2013–Ohio–1662, ¶ 15. "The ordinary training and experience of a police officer may qualify an officer to identify marijuana and establish probable cause to conduct a search if the officer establishes that he has had some experience identifying marijuana in the past." *Id.*

**{¶22}** Appellant cites *State v. Birdsong,* 5th Dist. Stark No .2008 CA 00221, 2009–Ohio–1859, for the proposition Trooper Smith lacked experience and training in recognizing the smell of burnt marijuana and therefore lacked probable cause to search Appellant.

**{¶23}** In *Birdsong,* the court of appeals held that an officer is required under *Moore* to "be trained and/or experienced in identifying and detecting the smell of marijuana." *Id.* at ¶16. The court then found, "[t]he State, in the instant action, did not present any testimony as to [the patrolman's] qualifications, including his training and/or experience. *In the absence of such testimony,* we find the officer's testimony about an odor of marijuana, standing alone, was insufficient to establish probable cause to search Appellant's vehicle." (Emphasis added.) *Id.*

**{¶24}** We find that *Birdsong* is inapplicable here. Unlike the case *sub judice*, there was no testimony at all in *Birdsong* regarding the officer's qualifications. In cases where no testimony is adduced regarding an officer's training, experience, or qualifications in detecting and identifying the odor of marijuana, reviewing courts have held that suppression is proper when the sole basis for arrest is the smell or presence of marijuana. *See State v. Bradley,* 5th Dist. Richland No. 2003–CA–0040, 2003–Ohio–5914 (no

evidence presented at the suppression hearing); *State v. Gaus,* 4th Dist. Ross No. 00CA2546, 2001 WL 1913831 (Mar. 21, 2001) (Same). *State v. Mansour*, 12th Dist. Warren No. 2015-06-051, 2016-Ohio-755.

**{¶25}** In the case before us*,* during the suppression hearing, Trooper Smith testified that he was a law enforcement officer with 16 years of experience, he was trained at the Ohio State Highway Training Academy to recognize the odor of marijuana, and during his career he has come into contact with marijuana over one hundred times.

**{¶26}** Here, the trooper described the smell of marijuana coming from appellant's vehicle as "strong" and then later detected a strong odor of marijuana coming from Appellant's person. Based on the trooper's testimony, the trial court found that the trooper was qualified by reason of his training and experience to recognize the smell of marijuana.

**{¶27}** Given his testimony, we find that Trooper Smith was qualified to recognize the smell of marijuana. We further find that based upon the odor of marijuana coming from Appellant's person and the totality of the circumstances, Trooper Smith had probable cause to search Appellant. *See State v. Eiler,* 5th Dist. Tuscarawas No.2015 AP 05 0023, 2016–Ohio–224, ¶ 32; *State v. Ivery,* 11th Dist. Lake No. 2011–L–081, 2012–Ohio–1270, ¶ 28; and *State v. Rodriguez,* 12th Dist. Butler No. CA2014–03–073, 2015–Ohio–571, ¶ 19.

{¶28}  For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Gwin, J., concur.

JWW/d 0513